### Ex parte RUSSELL.

(Supreme Court, Special Term, New York County. September 3, 1904.)

1. CRIMINAL LAW—PUNISHMENT—GOOD TIME—SECOND CONVICTION—FORFEITURE.

    Laws 1886, p. 30, c. 21, § 14, provides that a convict discharged within the period of his sentence may lose the benefit of the shortened imprisonment for good conduct if he is again convicted before the time has elapsed for his release under the first judgment. *Held*, that since a prisoner's release before expiration of his sentence was not of right, but from mere grace of the people, the statute providing for extended imprisonment if he was again convicted, was not unconstitutional, as depriving him of his liberty without due process of law.

2. SAME—DOUBLE JEOPARDY.

    The convict, under such circumstances, not having satisfied the penalty imposed by the first judgment, is not entitled to object to his reincarceration to serve the balance of his sentence on second conviction on the ground of double jeopardy.

3. SAME—IMPAIRMENT OF CONTRACT.

    Laws 1886, p. 30, c. 21, § 14, providing for the forfeiture of a convict's "good time" earned on his subsequent conviction before the time has elapsed for his release under the first judgment, being a part of the contract by which the state consents to a reduction of sentence in return for the convict's good behavior, his subsequent reincarceration under such act did not constitute an impairment of such contract.

Habeas corpus on relation of Edward J. Russell to obtain his release from imprisonment. Writ dismissed.

Chas. E. Le Barbier, for petitioner.

John Cunneen, Atty. Gen. (Thomas F. Byrne, of counsel), for the People.

BISCHOFF, J. The legality of the detention of Edward J. Russell in Sing Sing Prison or in the State Hospital is assailed upon a return which shows that this individual was sentenced to a term of eight years and ten months for a felony in the year 1888; that he was discharged in 1894 because of a three-years commutation for good behavior; that he was once more convicted of a felony in 1897, and is now imprisoned under a 10-years sentence upon that conviction. The contention of the petitioner is that, with the appropriate commutation for good behavior, the second term has expired, but in answer to this the return points to the provisions of the statute (Laws 1886, p. 30, c. 21, § 14) whereby, because of the second conviction within the commuted period of three years upon the first sentence, that commutation was forfeited, and the period was added to the term of the second sentence, with the result that, allowing for good behavior, the second term will not expire until September, 1906. To meet this situation the petitioner contends that the statute referred to is unconstitutional, upon the theory that it places the accused twice in jeopardy for the same offense, or that the additional imprisonment for the revoked period of commutation is without due process of law, or that in some way the obligation of a contract between the convict and the state is impaired by his loss of the benefit of the commutation.

The argument for the petitioner appears to overlook the fact that every constitutional right of the convict is observed when, under the judgment of conviction (the result of due process of law), he is sentenced to a definite term of confinement. That the period is made shorter by the statute, for good conduct, is a circumstance arising not from national right, but from the grace of the people, and the benefit which the prisoner thus enjoys is subject to such limitations as the law which creates the benefit may impose. Since the statute prescribes that a convict discharged within the period of his sentence may lose the benefit of the shortened imprisonment if again convicted before the time has elapsed for his release under the first judgment, the earlier discharge is, in its nature, but conditional. He accepts the benefit of the condition, and, if again convicted, he is merely deprived of his liberty to satisfy the exact penalty imposed by due process of law—the first and second judgments of conviction—after enjoying an interval of conditional liberty, given and accepted as of grace, and to which he was not constitutionally entitled. The second charge involves no jeopardy under the first conviction in this aspect, because the convict has not satisfied the penalty which the first judgment imposed, and so far he is in no better position to declaim against a "double jeopardy" than he would be had he merely escaped from jail, his right to assert his discharge being dependent upon the condition which the statute attached to it. On the question of an assumed contract by the state to give a benefit to the prisoner in return for his good behavior,

this statute, of course, impaired no obligation, since it was in effect before the first conviction, and was simply part of the "contract" itself. There is thus no apparent ground for an attack upon the constitutionality of the act, and, with its enforcement, this party is obviously lawfully confined at the present time.

Writ dismissed, and relator remanded.